the court stated: "They do not have to, but the failure of the defendant to call witnesses which the jury may believe they could call may be considered by the jury. The rule that the defendants need not appear upon the stand does not apply to the rule as to whether they should produce evidence if it is within their power to do so. * * * They are not obliged to. The People still must prove the guilt, but you are asking me to charge that there is no inference to be drawn by the jury by their failure to produce witnesses, which the jury believe they may be able to produce. I cannot charge that." This was error. No presumption arises and no unfavorable inference may be drawn against the defendant for omitting to call witnesses under the circumstances disclosed by this record. (*People* v. *Sweeney*, 41 Hun, 332, 343; *People* v. *McGovern*, 105 App. Div. 296; *People* v. *Kilroe*, 201 id. 549; *People* v. *Kearns*, 214 id. 804.) Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL J. GRIFFIN, Appellant.— Judgment of the County Court of Nassau county, convicting defendant of attempted grand larceny in the first degree and conspiracy, and orders reversed on the law and the facts and a new trial ordered, on authority of *People* v. *Ferguson* [*ante*, p. 837], decided herewith. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THOMAS B. HILL, Respondent.— Order dismissing indictments unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Johnston, JJ. [154 Misc. 667.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GUSTAVO MUNET, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the appellant of the crime of possessing policy slips and sentencing him to the New York City Penitentiary unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL M. STEIN, Appellant.— Judgment of the County Court of Nassau county, convicting defendant of attempted grand larceny in the first degree and conspiracy, and orders, reversed on the law and the facts and a new trial ordered, on authority of *People* v. *Ferguson* [*ante*, p. 837], decided herewith. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HOWARD R. WARE, Respondent.— Order dismissing indictments unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Johnston, JJ. [154 Misc. 667.]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE WATSON, Respondent.— Order dismissing indictments unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Johnston, JJ. [154 Misc. 667.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHINEAS A. SEAMAN, Respondent, v. HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— The relator was indicted by the grand jury of Nassau county on March 26, 1935, for violating section 148 of the Public Welfare Law. The crime charged was a misdemeanor