■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. R. CARL VAN KEUREN, Appellant.— HERLIHY, J. Appeal from a judgment of the County Court of Schoharie County, rendered June 28, 1968, upon a verdict convicting defendant of the crime of larceny in the misappropriation of trust funds under the Lien Law. (See former Penal Law, § 1302-c.) The necessary facts are that there existed a three-party relationship; defendant, a contractor who was to build a house; Kramer [and his daughter Meilinger], for whom the house was to be built; and Schweizer, a materialman supplying materials for the house. Kramer gave defendant $7,525 in three installments to be used in connection with building the house. Sections 70, 71 and 72 of the Lien Law state that such funds are to be held by the contractor in trust to be used to pay certain claims arising from construction, including the payment of materialmen, and that the use of the trust fund for other purposes before all trust claims are paid is a diversion

of the trust assets. At various times from May 28 through September 24, 1966, Schweizer supplied material worth $3,991.22. Defendant paid only $3,020.73 of the materialman's claim, leaving unpaid $970.49 worth of material. It is possible that a bona fide dispute existed as to some windows, supplied on the last invoice, worth $342.91, leaving undisputed and unpaid a claim of $627.58. Schweizer's business practices make it difficult to determine the exact dates when the claims were due, but certainly all were due on January 23, 1967 when Schweizer filed notice of his mechanic's lien on the Kramer house. The claim was not paid until April 26, 1967, 93 days after filing of the notice of mechanic's lien. The defendant was indicted for "Misappropriation of funds contrary to section 1302-c of the Penal Law", which section has been repealed and is now contained within section 79-a of the Lien Law. Section 1302-c of the former Penal Law provided that a contractor who diverted trust funds was guilty of larceny if he failed to pay the trust claim within 31 days when due, and further provides that he must keep proper books and records of receipts and expenditures of the said trust fund. We find without merit the defendant's contention as to the dispute over the amount due as it appears that in any event there was $500 or more due at all times during the particular period and not paid within the 31-day period. Additionally, on this record there was no error in not granting the motion to dismiss at the close of the People's case nor was the District Attorney's summation without the range of fair comment. The defendant further contends that the statute is unconstitutional because (1) there is a misappropriation of trust funds and (2) failure to pay the trust fund claim within 31 days and in the event of restitution thereafter, such could be a defense to the criminal proceedings. It is a most unusual criminal provision and it is noteworthy that the revised Penal Law deleted section 1302-c therefrom and transferred it to the Lien Law. (See Lien Law, § 79-a.) Oddly enough, the history of section 1302-c shows that when it became law in 1959, it replaced a former section of the Lien Law (36-b). The purpose of the statute was and is to place responsibility for dispersal of funds on the contractor, whose duty it is to know whether materialmen and other claims have been paid and to keep books and records showing such transactions, which the defendant in the present action failed to do. The statute apparently has been and should be sparingly used for penal purposes. However, in view of the intent of the statute, as stated herein, and the numerous safeguards and defenses contained therein, the statute is not unconstitutional. We find without merit the other contentions raised by the defendant. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.