■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE D. CHESLER, Appellant. (Appeal No. 1.)—Judgment unaminously reversed, on the law, and a new trial granted, Schnepp, J., not participating. Memorandum: Defendant has been convicted upon sufficient evidence of the crimes of grand larceny, second degree, for violating the trust provisions of article 3-A of the Lien Law (Penal Law, § 155.35; Lien Law, § 79-a), and criminal facilitation, second degree (Penal Law, § 115.00). Before the judgments of conviction, defendant was a practicing attorney and the charges arise out of his conduct in representing Barber's Realty & Holding Company in the financing and construction of an apartment complex. Funds received to finance the project were transmitted to him by the lender and deposited in his attorney's trust account. He was charged with violating the provisions of section 79-a of the Lien Law by disbursing the trust funds from this account for his own benefit and the benefit of his associates, Vincent J. Rallo and Vincent Verrone. On a prior appeal (see *People v Rallo,* 46 AD2d 518, affd 39 NY2d 217), the principal issue was the jurisdiction of the Assistant Attorney-General, acting for the Organized Crime Task Force to obtain this and other indictments. Defendant also challenged the sufficiency of the indictment. Regrettably, dicta contained in the opinion deciding that appeal precipitated an error in the Judge's charge at the time of trial which requires that we reverse the judgments of conviction. In our prior opinion, responding to defendant's argument that his disbursements were repayments of prior advances and that the fact that they were such repayments was a complete defense to the criminal charges, we first noted that evidence before the Grand Jury did not establish that the transfers were repayments. We added, however, that repayment was an affirmative defense to be proved by the defendant upon trial (see *People v Rallo, supra,* p 528). The trial court charged accordingly, and inasmuch as we hold that neither section 73 nor subdivision 2 of section 79-a establishes an affirmative

defense to a criminal charge of larceny, we reverse. Larceny is defined by section 155.05 of the Penal Law. Paragraph (a) of subdivision 2 of that section enumerates embezzlement, i. e., the intentional misappropriation of money or property of another by one who has possession as a bailee, agent or custodian of the owner (see *People v Meadows,* 199 NY 1; *Jhirad v Ferrandina,* 536 F2d 478, cert den 429 US 833), as a form of larceny. Article 3-A of the Lien Law creates a statutory crime by declaring that borrowed construction moneys constitute a trust fund which must be applied by the trustee to the cost of the improvement (see Lien Law, §§ 70, 71), and section 79-a provides that misappropriation of such funds is a crime. Section 79-a expressly incorporates the provisions of the Penal Law into the Lien Law. Section 25.00 of the Penal Law provides that all defenses must be disproved by the prosecution beyond a reasonable doubt except those declared by statute to be an affirmative defense. Defendant has the burden of proving an affirmative defense by a preponderance of the evidence (Penal Law, § 25.00, subd 2). Prior to the 1965 revision of the Penal Law, no affirmative defense existed in New York (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 25.00, p 62; 7 Zett, New York Criminal Practice, § 63.1 [1], pp 63-4; Rothblatt, The Revised Penal Law—Criminal Law of New York, § 444, pp 382-383; Comment, Affirmative Defenses under New York's New Penal Law, 19 Syracuse L Rev 44). Section 79-a of the Lien Law was enacted prior to the 1965 revision of the Penal Law as section 1302-c of the Penal Law (L 1959, ch 696, § 9). The purpose of its subdivision 2 was to provide a defense to the crime of diversion of trust assets (5 NY Legis Doc, 1959, Legis Doc 65F, pp 224-225), but at the time it was originally enacted, New York did not recognize affirmative defenses in which defendants bore the burden of proof. Manifestly, the Legislature could not have intended section 1302-c of the Penal Law to be an affirmative defense since at the time it was enacted, affirmative defenses had not yet been created. In 1965 section 1302-c of the Penal Law was transferred to the Lien Law as section 79-a without alteration in an effort by the Legislature to streamline and consolidate specialized offenses under the areas of law to which they relate (L 1965, ch 1031, § 140; 1 NY Legis Doc, 1964, Legis Doc 14, p 27). Although in other instances involving larceny statutes, the Legislature chose to denominate affirmative defenses where prior to the revision the defenses had been "mere" defenses (see Penal Law, § 155.15, subd 1, and comments thereto; Comment, 19 Syracuse L Rev, 44, 63), it did not denominate subdivision 2 of section 79-a of the Lien Law as an affirmative defense as required by section 25.00 of the Penal Law and it did not indicate that the burden of proof was to be shifted to the defendant (see, e. g., *People v Strong,* 47 AD2d 798). In our prior decision, we expressed the opinion that repayment was an affirmative defense, shifting the burden of proof on that issue to defendant, because the Legislature so denominated it in section 73 of the Lien Law. That section, however, refers to civil remedies. The criminal defense is contained in subdivision 2 of section 79-a of the Lien Law and it is not an affirmative defense. Furthermore, the charge may not be reconciled as a paraphrase of the affirmative defense of good faith contained in section 155.15 of the Penal Law. The court charged the jury that before defendant's claim could be established, he had the burden of proving that (1) any payment made for a purpose other than a trust purpose was to repay advances by other persons of funds to Barber's Realty & Holding Corporation as trustee, (2) that the advances to the corporation were actually applied to pay for the cost of the improvement and (3) that the funds paid equaled in amount the funds advanced. This, of

course, is a different and more substantial showing than that provided in the Penal Law, that the appropriation was made in a good faith (but perhaps erroneous) claim of right (see *People v Jones,* 142 App Div 180, 183; *People v Watson,* 154 Misc 667, affd 245 App Div 838). Neither, as the People contend, does the doctrine of law of the case conclude defendant on this issue in a criminal proceeding (see *People v Blake,* 35 NY2d 331, 334). Since the court's charge placed the burden of proof on defendant improperly, the judgments must be reversed. We also reverse because of another error. In response to a demand for particulars, the People itemized the amounts and dates of some 25 transactions (which were in fact checks drawn upon defendant's trust account) asserting that the enumerated instances constituted the basis for the crimes charged in the indictments. During the trial, however, the People introduced 20 additional checks into evidence. The court received them over objection of defense counsel for *Molineux* purposes *(People v Molineux,* 168 NY 264) to show intent or motive, absence of mistake and a common scheme or plan. At the conclusion of the trial, defense counsel requested an instruction that the counts of the indictment must be proved by reference to transactions specified in the bill of particulars. The court erred in denying the requested charge and in failing to differentiate the evidence received for purposes of establishing the crimes when it marshaled the evidence. Those omissions permitted the jury to speculate that a larceny was committed in executing some or all of these additional 20 checks. Finally, defendant contends that the jury's verdicts finding him not guilty of common-law grand larceny (Penal Law, § 155.35) and guilty of Lien Law larceny (Penal Law, § 155.35; Lien Law, § 79-a) are repugnant and, similarly, that the verdicts finding him not guilty of conspiracy (Penal Law, § 105.05) and guilty of criminal facilitation (Penal Law, § 115.00) are also repugnant. The first count of the indictment charged larceny pursuant to section 155.35 of the Penal Law. The second count charged larceny and contained the identical language and citation of the first count but continued by referring to section 79-a of the Lien Law and specifying the details of the misappropriation charged against defendant. The court instructed the jury that the first count involved a direct taking and that the second count accused defendant of misappropriation. The language of the indictment notwithstanding, the crimes contained in the two counts did not involve the same basic elements and the verdicts were not repugnant (see *People v Speach,* 49 AD2d 210, 213; *People v Bullis,* 30 AD2d 470). The Lien Law larceny was a crime of embezzlement and the reference to section 155.35 of the Penal Law did no more than establish the grade of the offense. Nor do the charges of conspiracy and criminal facilitation involve the same elements thereby rendering the verdicts repugnant. The conspiracy count charged an agreement to commit larceny with the specific intent to do so (Penal Law, § 115.00, subd 1). The criminal facilitation count charged defendant with aiding another to commit larceny. Criminal facilitation may be proved though agreement was absent and it did not require proof of specific intent, only proof that the defendant had "probable belief" that he was aiding a person intending to commit a crime (Penal Law, § 115.00). We have considered the other errors alleged and find none requires comment or reversal. We have not found it necessary to reach the issue of the composition of the jury pool inasmuch as a new trial is required. (Appeal from judgment of Monroe Supreme Court—grand larceny, second degree.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ. [91 Misc 2d 551.]