OPINION OF THE COURT
Jones, J.
On a charge of larceny in violation of section 79-a of the Lien Law, a defense of actual repayment to creditors based on subdivision 2 of that section is an ordinary defense and not an affirmative defense. To the extent that the application of section 155.15 of the Penal Law would classify as an "affirmative defense” the related "good faith” defense based on the contention that, even if the payments in question were not actually made to creditors as required by subdivision 2, defendant nonetheless in good faith believed them to be at the time, such application would be unconstitutional because it would shift the burden of proof to defendant.
In 1969 Local 246 of the Journeymen Barbers’ International Union of America of Rochester embarked on the construction of an apartment house project to be located in the Town of Greece in Monroe County. Barbers Realty and Holding Corporation was formed as the corporate vehicle for the project. Vincent A. Verrone, business agent for the union, became the *206 corporate president and Vincent J. Rallo was appointed secretary. After another law firm had been legal counsel for the project for a year and a half, when additional financing was needed the corporation retained the law firm of which defendant Lawrence D. Chesler was a partner. Inasmuch as defendant customarily handled the firm’s commercial transactions, he was assigned to work with the new client.
On August 17, 1971 the corporation obtained a building loan from a New York City lender in the amount of $3,440,000. Defendant’s law firm represented the corporate borrower on the closing and arranged for the deposit of a portion, said to be $190,109.45, of the proceeds of the construction loan in the law firm’s special trust account for the purpose of paying certain creditors. Thereafter defendant, assertedly at the direction of Verrone or Rallo, drew checks on the account to a number of creditors and on occasion to Verrone and Rallo, allegedly as repayment of funds they were said to have advanced on behalf of the corporation.
Defendant was indicted on four charges arising out of his participation in these transactions — one count for common-law larceny, a second count for larceny in violation of section 79-a of the Lien Law and a third count for conspiracy, all in one indictment, and a fourth count of criminal facilitation in the second indictment. In January, 1974 the indictments against defendant were dismissed on the ground that there was insufficient evidence before the Grand Jury to sustain the charges and for the further reason that the New York State Organized Crime Task Force had exceeded its authority in conducting the underlying investigation and obtaining the indictments. The Appellate Division reversed the dismissal and reinstated the indictments (46 AD2d 518), and we affirmed (39 NY2d 217).
Defendant then proceeded to trial in Supreme Court, Monroe County, in September, 1977. The jury acquitted defendant of common-law larceny and conspiracy but found him guilty of larceny in violation of section 79-a of the Lien Law and of criminal facilitation. On appeal the Appellate Division reversed both convictions and granted a new trial on two separate grounds — first, with respect to the larceny conviction, that the Trial Judge had erroneously charged that the defense of repayment under subdivision 2 of section 79-a of the Lien Law was an affirmative defense which defendant was required to prove by a preponderance of the evidence and second, with *207 respect to both convictions, that the court had also erred in refusing to charge that the counts of the indictment must be proved by reference to the transactions specified in the bill of particulars (evidence of other transactions having also been received in evidence to show intent or motive, absence of mistake and a common scheme or plan under People v Molineux, 168 NY 264).[1] The People were granted leave to appeal by a Judge of our court. We now affirm the disposition below, and in doing so, because the case must go back for a new trial, uphold another of the contentions advanced by defendant.
As appellant prosecutor now concedes, and as we agree for the reasons stated in the memorandum opinion at the Appellate Division (71 AD2d 792), it was error, on the charge of larceny in violation of subdivision 1 of section 79-a of the Lien Law to have instructed the jury that a defense under subdivision 2 of that section based on repayment to creditors of advances made by them was an affirmative defense which defendant had the burden of proving by a preponderance of the evidence (see Penal Law, § 25.00, subd 2). On the contrary, this is an ordinary defense which the People have the burden of disproving beyond a reasonable doubt (Penal Law, § 25.00, subd 1). (Cf. People v Rosano, 69 AD2d 643.)
In its opinion the Appellate Division distinguished the subdivision 2 defense from what it termed "the affirmative defense of good faith contained in section 155.15 of the Penal Law”,[2] and characterized the former as "a different and more substantial showing than that provided in the Penal Law, that the appropriation was made in a good faith (but perhaps erroneous) claim of right” (71 AD2d 792, 794). Both the People and defendant have addressed the status of this related "good faith” defense in our court, apparently recognizing that on a new trial, defendant may claim that, even if the People prove beyond a reasonable doubt that the payments made by him were not in fact repayments within the contemplation of subdivision 2 of section 79-a, at least he believed in good faith that they were such repayments at the time he made them. Because of what appears to be the probability that defendant will present both defenses on a new trial, it is appropriate *208 that we address defendant’s contention that to the extent that section 155.15 of the Penal Law would make the latter "good faith” defense an affirmative defense the statute is unconstitutional because it impermissibly shifts the burden of proof to the defendant.
The larceny count of which defendant was found guilty is that based on section 79-a of the Lien Law. That section provides as follows:
"§ 79-a. Misappropriation of funds of trust
"1. Any trustee of a trust arising under this article, and any officer, director or agent of such trustee, who applies or consents to the application of trust funds received by the trustee as money or an instrument for the payment of money for any purpose other than the trust purposes of that trust, as defined in section seventy-one, is guilty of larceny and punishable as provided in the penal law if
"(a) such funds were received by the trustee as owner, as the term 'owner’ is used in article three-a of this chapter, and they were so applied prior to the payment of all trust claims as defined in such article three-a, arising at any time; or
"(b) such funds were received by the trustee as contractor or subcontractor, as such terms are used in article three-a of this chapter, and the trustee fails to pay, within thirty-one days of the time it is due, any trust claim arising at any time; provided, however, that if the trustee who received such funds as contractor or sub-contractor disputes in good faith the existence, validity or amount of a trust claim or disputes that it is due, the application of trust funds for a purpose other than a trust purpose, or the consent to such application, shall not be deemed larceny by reason of failure to pay the disputed claim within thirty-one days of the date when it is due if the trustee pays such claim within thirty-one days after the final determination of such dispute.
"2. Notwithstanding subdivision one of this section, if the application of trust funds for a purpose other than the trust purposes of the trust is a repayment to another person of advances made by such other person to the trustee or on his behalf as trustee and the advances so repaid were actually applied for the purposes of the trust as stated in section seventy-one, or if the trustee has made advances of his personal funds for trust purposes and the amount of trust funds applied for a purpose other than the trust purposes of the *209 trust does not exceed the amount of advances of personal funds of the trustee actually applied for the purposes of the trust, such application or consent thereto shall be deemed justifiable and the trustee, or officer, director or agent of the trustee, shall not be deemed guilty of larceny by reason of such application or by reason of his consent thereto.
"3. Failure of the trustee to keep the books or records required by section seventy-five shall be presumptive evidence that the trustee has applied or consented to the application of trust funds received by him as money or an instrument for the payment of money for purposes other than a purpose of the trust as stated in section seventy-one.
"4. Notwithstanding any other provision of law, no act of the trustee in relation to the assets of the trust shall, by reason of any express covenant as provided in section thirteen or section twenty-five of this chapter, be deemed larceny in a case in which it is not declared by subdivision one of this section to be larceny or in a case in which the act is deemed justifiable as provided in subdivision two of this section.”
Initially it must be noted that nothing in this statute suggests that the Legislature intended therein to create a "strict liability”, i.e., that for a conviction the prosecutor is not required to prove any culpable mental state on the part of the defendant. Subdivision 2 of section 15.15 of the Penal Law is pertinent. It provides: "2. Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. This subdivision applies to offenses defined both in and outside this chapter.” Indeed, "larceny”, the crime of which violation of subdivision 1 of section 79-a is explicitly made a particular instance, is defined as requiring on the part of the defendant the "intent to deprive another of property or to appropriate the same to himself or to a third person” (Penal Law, § 155.05, subd 1). Thus, to obtain a conviction the burden is unmistakably on the prosecutor to prove the requisite criminal intent beyond a reasonable doubt.
There can be no doubt in this instance that an assertion that the payments were made in good faith by defendant from *210 the law firm’s special trust account to those whom he believed to be creditors who had advanced funds for construction of the project is the obverse of the contention that the payments were made with intent to deprive another of property and to appropriate it to a third person. Then to apply section 155.15, which explicitly makes it an affirmative defense "that the property was appropriated under a claim of right made in good faith” — thus, in consequence of subdivision 2 of section 25.00, placing the burden of proof on the defendant to establish such defense by a preponderance of the evidence — would be to prescribe a constitutionally impermissible shift in that burden in this instance. Such a shift in burden of proof is precisely what the Supreme Court of the United States has struck down (Mullaney v Wilbur, 421 US 684; Matter of Winship, 397 US 358.)
The Appellate Division correctly reversed defendant’s convictions for the reasons stated by that court, and its orders should therefore be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Orders affirmed.

. In view of the fact that neither the People nor defendant addressed this second error in our court, we shall make no further reference to it.

. Subdivision 1 of section 155.15 of the Penal Law provides: "In any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith.”