■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY SPRUILL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 24, 1981, convicting him of robbery in the first degree, robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant neither requested an alibi charge nor objected to the court's failure to furnish one, and thus failed to preserve the issue for appellate review as a matter of law (*People v Thomas*, 50 NY2d 467; *People v Gonzalez*, 97 AD2d 423; CPL 470.05, subd 2). Nor do the circumstances of this case warrant a discretionary reversal in the interest of justice. In view of the overwhelming evidence of defendant's guilt, any error resulting from the court's failure to furnish an alibi charge may be characterized as harmless beyond a reasonable doubt (see *People v Crimmins*, 36 NY2d 230). ¶ Approximately one hour after he was attacked, the victim observed defendant standing on a street corner five blocks from the scene of the crime, and informed the police that defendant was one of the four perpetrators. When approached by the police, defendant was holding the victim's portable radio, stolen from him during the attack. In court, the victim positively identified defendant as one of his attackers. Furthermore, the record demonstrates that the victim's identification was based on an ample opportunity to observe the defendant both prior to and during the crime (see *People v Cadorette*, 83 AD2d 908, affd 56 NY2d 1007). Given the soundness of the identification, the court's failure to expressly instruct the jury on defendant's less than "air-tight" alibi must be deemed harmless (cf. *People v Vera*, 94 AD2d 728). ¶ Finally, the court's instructions to the jury, while not specifically denominated as such, adequately compensated for the lack of an express alibi charge. The jury was left with no doubt that the People were required to prove each element of the crimes charged beyond a reasonable doubt, that defendant bore no burden with respect to the alibi defense, that the People were required to disprove it beyond a reasonable doubt, and that even if they disbelieved the alibi defense, they had to be satisfied that the People had proved defendant's guilt beyond a reasonable doubt (*People v Victor*, 62 NY2d 374; cf. *People v Orse*, 91 AD2d 1003; *People v Grant*, 84 AD2d 793). ¶ We have reviewed defendant's other contentions and find them to be without merit. Titone, J. P., Gibbons, Brown and Niehoff, JJ., concur.