■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO M. KRASNEWICZ, Appellant.—Judgment unanimously affirmed. Memorandum: Following his pleas of guilty to the charges of conspiracy in the second degree and criminal

facilitation in the second degree, defendant was sentenced to consecutive terms of 8 to 24 years on the conspiracy conviction and 2 to 6 years on the conviction of criminal facilitation. Defendant's conviction of criminal facilitation was in satisfaction of a charge of murder in the second degree and his conviction of conspiracy arose out of his agreement with another to commit the murder.

Defendant's principal point on appeal is that he was illegally sentenced because the sentences for the two crimes cannot run consecutively. We disagree. Where two or more offenses are committed "through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently" (Penal Law § 70.25 [2]). Conversely, where the offenses are not committed through a single act or omission, and not through an act or omission which in itself constitutes one of the offenses and which was a material element of the other, the sentences may run consecutively.

The elements of the offense of conspiracy in the second degree are: an agreement with one or more persons to cause conduct constituting a class A felony to be performed, with intent that such conduct be performed (Penal Law § 105.15), and the commission of an overt act in furtherance thereof (Penal Law § 105.20). The elements of the crime of criminal facilitation in the second degree (Penal Law § 115.05) are: while believing it probable that one is rendering aid to a person who intends to commit a class A felony, engaging in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony. The crime of conspiracy is an offense separate and apart from the crime that is the object of the conspiracy *(People v McGee,* 49 NY2d 48, 57, *cert denied sub nom. Waters v New York,* 446 US 942; *see also, People v Potwora,* 44 AD2d 207, 211), and an agreement is not an essential element of the crime of criminal facilitation *(People v Chesler,* 71 AD2d 792, 794, *affd* 50 NY2d 203).

Here, defendant committed the crime of conspiracy by agreeing with Michael Rafferty to kill Ronald Fisher for the sum of $1,500. The crime of conspiracy was completed by the overt acts of Rafferty in giving to defendant Fisher's name, description, address and automobile license number, in drawing and delivering to defendant a map of the route that Fisher usually took when he drove home from his girlfriend's house, and in alerting the defendant by telephone when Fisher

visited his girlfriend. Defendant committed the crime of criminal facilitation in the second degree when he drove an automobile in pursuit of Fisher as he rode his motorcycle away from his girlfriend's house. As the automobile came alongside the motorcycle, a passenger in the automobile fired a shot from a 12-gauge shotgun, killing Fisher. Here, all of the acts constituting the crime of conspiracy were separate and apart from the acts constituting the crime of criminal facilitation and none of the acts constituting the material elements of one crime was a material element of the other. Thus, the consecutive sentences were legally imposed.

We have examined the other issues raised by defendant and we find them to be without merit. (Appeal from judgment of Chautauqua County Court, Adams, J.—conspiracy, second degree, and criminal facilitation, second degree.) Present— Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ.