◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE EDWARD BEECHER, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered February 1, 1985, upon a verdict con-

victing defendant of the crime of grand larceny in the second degree.

Defendant was indicted for grand larceny in the second degree following a complaint made by defendant's nephew, Thomas Beecher. At the ensuing trial, the prosecution presented testimony indicating that through the false promise of starting a trucking business, defendant obtained from Beecher the sum of $11,500 (see, Penal Law § 155.05 [2] [d]). Defendant, on the other hand, testified that he had been given $6,000 by his nephew, which, pursuant to an agreement with his nephew, was paid to a Rochester truck dealer as a down payment in the event financing on a dump truck was approved. Upon denial of financing, defendant maintained that the $6,000 was returned to his nephew. He also denied receiving any money other than the $6,000. The jury resolved the credibility issue against defendant and found him guilty as charged. This appeal ensued.

Defendant requested a charge to the jury on partnership. Specifically, defense counsel contended that one cannot be criminally liable for taking partnership property, as the remedy is an accounting, and that if the jury found a partnership, defendant should be acquitted. The trial court denied this request and defendant now contends that this was erroneous. In this regard, defendant contends that there was an oral agreement between Beecher and himself to share in the profits and losses of the proposed trucking business. Accordingly, defendant contends that when the trial court declined to charge on partnership, a threshold issue of whether a partnership existed was removed from jury consideration. This contention must be rejected.

The trial court correctly noted that even if a partnership could be found, its creation was induced by fraud. Indeed, the prosecution's theory was that defendant induced Beecher to give him the money because they were going into the trucking business. The evidence accepted by the jury establishes the elements of false promise. The charge on false promise and intent clearly protected defendant by outlining the elements of false promise and by reminding the jury that the intent not to perform could not be found from the fact alone that the promise was not performed. Moreover, it should be noted that defendant's defense was premised upon the fact that Beecher did not lose any money.

We have reviewed defendant's contention that the trial court's instructions to the jury after their report of deadlock

were coercive, and find it to be without merit *(see, People v Sharff,* 38 NY2d 751). Finally, we are unable to find that the trial court abused its discretion by allowing the prosecution to recall a bank employee after both sides had rested *(see,* CPL 260.30 [7]; *People v O'Dell,* 111 AD2d 937). The judgment should therefore be affirmed.

Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.