■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH K. MORGAN, Appellant.—Main, J. P. Appeals (1) from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 19, 1985, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree and grand larceny in the third degree, and (2) by permission, from an order of said court, entered December 22, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of grand larceny in the third degree, without a hearing.

Defendant was indicted for burglary in the second degree, criminal possession of a forged instrument in the second degree and grand larceny in the third degree. Pursuant to a negotiated plea agreement, the burglary charge was dismissed, defendant pleaded guilty to the latter two charges and County Court imposed two consecutive terms of incarceration of 2 to 4

years. Defendant duly appealed from this judgment of conviction. Thereafter, defendant moved pursuant to CPL 440.10 (1) (h) to vacate the judgment of conviction for the larceny charge on the ground that the plea allocution failed to specify sufficient facts to establish the larceny. County Court denied the motion and permission to appeal from the order entered thereon followed.

Initially, we affirm County Court's denial of defendant's motion to vacate the judgment of conviction for the larceny charge. Defendant's motion challenged the sufficiency of his plea allocution and was supported by the transcripts of his plea and sentencing hearings, materials which are before us on defendant's direct appeal, which raises the same issue. Inasmuch as sufficient facts appear on the record to permit review of the adequacy of the plea allocution, a CPL 440.10 motion to vacate is not appropriate (*People v Cooks,* 67 NY2d 100).

On the direct appeal, defendant argues that the plea allocution failed to establish the facts necessary to establish the larceny charged, which was that defendant, a contractor, failed to follow the dictates of Lien Law § 79-a and misappropriated more than $250* of his customer's money. Defendant essentially contends that County Court was alerted to facts which required further inquiry to insure that defendant performed acts sufficient to constitute the crime. Our review of the record convinces us that affirmance is warranted.

When making his guilty plea, defendant stated that he received some money for the job, subcontracted the work, gave the subcontractor some money and owed the subcontractor more than $250 which defendant did not pay, even though defendant had received more than that sum from his customer for that purpose and used that money for his own purposes. These facts recited by defendant establish that he intentionally appropriated property of another to himself and that there were available to defendant no defenses as mentioned in Lien Law § 79-a which might have vitiated the criminal conduct. Thus, a sufficient factual predicate for a violation of defendant's duties as contractor-trustee under Lien Law article 3-A was shown and the plea allocution was adequate to establish the larceny. The discussion during sentencing concerning the specific amount paid by defendant to the subcon-

* This judgment of conviction was rendered prior to the enactment of Laws of 1986 (ch 515, § 1), which increased the monetary threshold for, *inter alia,* grand larceny in the third degree.

tractor in no way refuted defendant's earlier recitation of his failure to pay the subcontractor more than $250 of his customer's money *(cf., People v Van Keuren,* 31 AD2d 711, 712, *affd* 27 NY2d 556). Under such circumstances, there was no reason for County Court to conduct any further questioning of defendant *(see, e.g., People v Yarber,* 122 AD2d 433).

We further find no merit to defendant's claim that the sentence was excessive, particularly considering defendant's lengthy criminal record.

Judgment and order affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

