OPINION OF THE COURT
Donald J. Mark, J.
The indictment charging the defendant with two counts of larceny in violation of section 155.35 of the Penal Law and two counts of larceny in violation of section 79-a of the Lien Law had been previously dismissed upon an inspection of the Grand Jury minutes. Apparently conceding that the Penal Law larcenies were properly dismissed, the People moved, *322 pursuant to CPLR 2221, to reargue the dismissal of the Lien Law larcenies and that application was granted.
The charges arose as a result of the defendant’s agreeing to construct additions to two residences, receiving moneys from the two owners in advance of such construction, totally failing to perform the work for which he contracted and applying the amounts received to other jobs and to his personal expenses. Because of what was perceived as a lack of business acumen rather than the criminal intent to deprive the two owners of their funds (see, People v Churchill, 47 NY2d 151), the four counts of larceny were dismissed.
The People requested that the dismissal of the two Lien Law larceny counts be reconsidered because of an ostensible conflict in the case law.
Reliance was placed upon People v Chesler (50 NY2d 203) to justify the dismissal of the Lien Law larcenies. There, the Court of Appeals, in referring to Lien Law § 79-a, stated, "nothing in this statute suggests that the Legislature intended therein to create a 'strict liability,’ i.e., that for a conviction the prosecutor is not required to prove any culpable mental state on the part of the defendant.” (Supra, at 209.) This language would seem to indicate that the prosecutor must prove more than that the defendant was paid money to improve realty, that he failed to do so and that he used the money for other purposes.
However, in People v Morgan (135 AD2d 912, 913), the defendant’s colloquy that "he received some money for the job, subcontracted the work, gave the subcontractor some money and owed the subcontractor more than $250 which the defendant did not pay, even though defendant had received more than that sum from his customer for that purpose and used the money for his own purposes” was sufficient to establish his guilty plea to Lien Law larceny. The Appellate Division, Third Department, held that these facts established that the defendant intentionally appropriated the property of another to himself and that there were available no defenses as mentioned in section 79-a which might have vitiated criminal conduct.
People v Morgan (supra) must stand only for the proposition that the defendant properly entered a guilty plea to a violation of section 79-a; the element of criminal intent was not an issue because no defense was proffered. The defendant in People v Chesler (supra) interposed the defense of repayment *323 in good faith, and the Court of Appeals responded that the burden was on the prosecutor to prove the requisite criminal intent beyond a reasonable doubt. That determination is equally applicable here where the proof before the Grand Jury demonstrated that financial and mismanagement problems were the reasons for the defendant’s "misappropriation” of the moneys received.
This conclusion is reinforced by the decision of the Appellate Division, Fourth Department, in People v Chesler (71 AD2d 792, affd 50 NY2d 203, supra), wherein Lien Law larceny was compared to larceny by embezzlement in these terms: "Larceny is defined by section 155.05 of the Penal Law. Paragraph (a) of subdivision 2 of that section enumerates embezzlement * * * as a form of larceny * * *. Section 79-a expressly incorporates the provisions of the Penal Law into the Lien Law. * * * The Lien Law larceny was a crime of embezzlement”. (Supra, at 793-794.)
Since that opinion of the Appellate Division equated Lien Law larceny to Penal Law larceny by embezzlement, the statutory and decisional law applicable to Penal Law larceny by embezzlement is likewise applicable to Lien Law larceny. Penal Law § 155.05 provides as follows:
"1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself * * * he wrongfully takes, obtains or withholds such property from an owner thereof.
"2. Larceny includes a wrongful taking, obtaining or withholding of another’s property * * * committed * * *
"(a) By conduct heretofore defined or known as common law larceny by * * * embezzlement”.
The definition of the terms "deprive” and "appropriate” connote a purpose to exert permanent or virtually permanent control over the property or to cause permanent or virtually permanent loss to the owner (People v Jennings, 69 NY2d 103).
There was a lack of evidence in this case that the defendant intended to permanently misappropriate the funds received from the two owners, so the dismissal of the Lien Law larcenies was proper. Accordingly, this court adheres to its original decision which dismissed the four counts of larceny in the indictment.