■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MOSCATO, Appellant. [673 NYS2d 721] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered June 16, 1997, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant, Joseph Moscato, is an artist and creative art director. In 1994, he became the vice-president of L.F. O'Connell Associates, Inc. (hereinafter Associates), a corporation principally engaged in the advertising and marketing industry on Long Island.

In March 1995, the defendant billed McGraw-Hill $36,921, for work performed in connection with the creation of a promotional catalog. The billing statement read "Joseph Moscato", "In association with L.F. O'Connell Associates" and directed that payment be made to the defendant. McGraw-Hill paid the defendant, who then deposited the funds into his account. On the basis of the foregoing, the defendant was convicted of grand larceny in the third degree. On appeal, the defendant contends, inter alia, that he was deprived of a fair trial by various deficiencies in the court's charge. We agree.

At trial, the defendant presented evidence tending to show that his relationship with Associates was that of a partner and not an employee. As such, he could not be convicted of stealing partnership property in the event that the jury determined that a partnership existed (see, People v Zinke, 76 NY2d 8). The court's charge was deficient in that it failed to clearly convey that it was the People's burden to prove that the prop-

erty allegedly stolen by the defendant, i.e., $36,921, was owned by Associates and that it was not possessed under a claim of right by the defendant (see, *People v Ricchiuti,* 93 AD2d 842). Furthermore, as requested by the defendant, the court should have charged the jury on the relevant partnership law principles (see, *Brodsky v Stadlen,* 138 AD2d 662; cf., *People v Beecher,* 122 AD2d 407). Because we conclude that the deficiencies denied the defendant a fair trial (see, *People v Saunders,* 64 NY2d 665), the judgment must be reversed.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.