THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY P. CUNNINGHAM, SR., Appellant. [785 NYS2d 244]—

Appeal from a judgment of the Oneida County Court (Michael E. Daley, J.), rendered June 5, 2003. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree, grand larceny in the third degree (two counts), forgery in the second degree (19 counts), and criminal possession of a forged instrument in the second degree (19 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of criminal possession of a forged instrument in the second degree and dismissing counts 23 through 41 of the indictment and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon a jury verdict of grand larceny in the second degree (Penal Law § 155.40 [1]), two counts of grand larceny in the third degree (§ 155.35), 19 counts of forgery in the second degree (§ 170.10 [1]) and 19 counts of criminal possession of a forged instrument in the second degree (§ 170.25), defendant contends that County Court erred in refusing to disqualify defense counsel. In response to a motion brought by the People a year before trial to disqualify defense counsel, the court adequately and properly inquired of defendant and his counsel regarding

conflicts (*see People v Gomberg*, 38 NY2d 307, 314 [1975]) and properly determined that defendant had an awareness of the potential risks involved and knowingly chose to proceed with his counsel (*see id*. at 313-314). Defendant, on the eve of trial, moved for an adjournment to allow him time to retain new counsel. We conclude the court did not abuse its discretion in denying defendant's motion (*see People v Gloster*, 175 AD2d 258, 259 [1991], *lv denied* 78 NY2d 1011 [1991]). In any event, the record does not establish that the alleged conflicts bear a substantial relation to the conduct of the defense (*see People v McDonald*, 68 NY2d 1, 9 [1986], *rearg dismissed* 69 NY2d 724 [1987]).

We reject defendant's contention that the court erred in failing to charge the jury on the defenses of partnership and claim of right. Viewed in the light most favorable to defendant (*see People v Banks*, 76 NY2d 799, 800 [1990]), there is no reasonable view of the evidence that defendant was a partner rather than an employee of Peter Morat or that the money allegedly stolen by defendant was possessed under a claim of right by defendant (*cf. People v Moscato*, 251 AD2d 352, 352-353 [1998]). We reject defendant's further contention that the counts of the indictment charging larceny are multiplicitous. Those counts that charge a violation of the same provision of the Penal Law refer to different victims, while those counts that refer to the same victim (Peter Morat, individually and doing business as Onondaga Logging) charge violations of different provisions of the Penal Law. Thus, each count requires proof of at least one fact that the other counts do not (*see People v Kindlon*, 217 AD2d 793, 795 [1995], *lv denied* 86 NY2d 844 [1995]).

We conclude that the court properly denied defendant's motion for a mistrial based upon the prosecutor's summation. The prosecutor's statement that, "[i]n order to believe the defendant's version of what happened, you would have to believe that every witness the People called was lying, including the police officer . . . or had some hidden agenda" was fair commentary because defendant made witness credibility a central issue (*see People v Anderson*, 274 AD2d 974 [2000], *lv denied* 95 NY2d 863 [2000]; *People v Thomas*, 186 AD2d 602 [1992], *lv denied* 81 NY2d 795 [1993]). We also conclude that defendant was not denied a fair trial based upon cumulative error (*see People v Crimmins*, 36 NY2d 230, 239 [1975]) and that the trial was not barred by double jeopardy (*Matter of Cunningham v Dwyer*, 302 AD2d 888, 889 [2003], *appeal dismissed* 99 NY2d 649 [2003], *rearg denied* 100 NY2d 577 [2003]). Defendant's contentions regarding evidentiary rulings of the court are not preserved for

our review (*see* CPL 470.05 [2]; *People v Anderson*, 233 AD2d 211 [1996], *lv denied* 89 NY2d 939 [1997]).

As the People concede, however, those parts of the judgment convicting defendant of 19 counts of criminal possession of a forged instrument in the second degree must be reversed because they are lesser included offenses of the 19 counts of forgery in the second degree of which defendant was convicted. We therefore modify the judgment by reversing those parts convicting defendant of criminal possession of a forged instrument in the second degree and dismissing counts 23 through 41 of the indictment. Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.