■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. ACE, Appellant. [856 NYS2d 792]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered April 9, 2007. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree and criminal possession of stolen property in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest

of justice and on the law by reversing that part convicting defendant of grand larceny in the second degree and as modified the judgment is affirmed, and a new trial is granted on the first count of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of grand larceny in the second degree (Penal Law § 155.40 [1]) and criminal possession of stolen property in the second degree (Penal Law § 165.52). Defendant failed to preserve for our review his contention that County Court erred in failing to charge the jury that his claim of right was a defense to the count of grand larceny (see People v Brandon, 291 AD2d 877 [2002], lv denied 98 NY2d 673 [2002]; People v Spruill, 103 AD2d 785 [1984]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we agree with defendant that the court erred in failing to charge the jury with respect to that defense. Defendant testified at trial that he was instructed by one of the co-owners of the company that employed him to take the allegedly stolen rails to the scrap yard, and that testimony was corroborated in part by one of defendant's coworkers. Viewing the evidence in the light most favorable to defendant, as we must (see People v Banks, 76 NY2d 799, 800 [1990]; People v Cunningham, 12 AD3d 1131, 1132 [2004], lv denied 4 NY3d 829, 5 NY3d 761 [2005]), we conclude that there is a reasonable view of the evidence that would enable a jury to find that defendant took the rails under a claim of right (see generally People v Moscato, 251 AD2d 352, 352-353 [1998]; People v Ricchiuti, 93 AD2d 842, 844 [1983]). Because we reject defendant's further contention that the verdict with respect to the count of grand larceny is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), however, defendant is entitled only to a new trial on that count, rather than dismissal thereof (see generally CPL 470.20 [5]). We therefore modify the judgment accordingly.

In light of our determination, we do not address defendant's remaining contention with respect to the conviction of grand larceny. We reject defendant's contention that the verdict with respect to the count of criminal possession of stolen property is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495), and we conclude that the sentence with respect to that count is not unduly harsh or severe. Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.