(February 11, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BAROODY, Appellant. [872 NYS2d 833]—

Appeal from a judgment of the Seneca County Court (W. Patrick Falvey, J.), rendered April 10, 2008. The judgment convicted defendant, upon a jury verdict, of petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of petit larceny (Penal Law § 155.25). We agree with defendant that reversal is required based on County Court's failure to charge the jury that his claim of right was a defense to the crime charged. The People presented evidence at trial that defendant, a Seneca County Deputy Sheriff, had instructed an auto shop employee to install two tires owned by Seneca County on defendant's personal vehicle. Defendant testified at trial that the owner of the auto shop had informed defendant that those tires had been "laying around [and] were not wanted." Defendant's testimony was supported by the testimony of a customer of the auto shop, who heard the owner tell defendant that items left at the shop for a period exceeding 30 days became the property of the auto shop, as well as by the testimony of State Police investigators to whom defendant related that he had been told by the owner of the auto shop that the tires were not wanted. Viewing the evidence in the light most favorable to defendant (see People v Banks, 76 NY2d 799, 800 [1990]; People v Ace, 51 AD3d 1379, 1380 [2008], lv denied 11 NY3d 733 [2008]), we conclude that the claim of right charge was warranted because there is a reasonable view of the evidence to support a finding that defendant took possession of the tires under a claim of right (see Ace, 51 AD3d at 1380; cf. People v Cunningham, 12 AD3d 1131, 1132 [2004], lv denied 5 NY3d 761 [2005]). In view of our determination, we do not address defendant's remaining contentions. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.