■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA M. ZONA, Appellant. [875 NYS2d 357]—

Appeal from a judgment of the Seneca County Court (W. Patrick Falvey, J.), rendered July 3, 2008. The judgment convicted defendant, upon a jury verdict, of petit larceny.

It is hereby ordered that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of one count of petit larceny (Penal Law § 155.25), defendant contends that County Court erred in denying his request to charge the jury on the claim of right defense (*see* § 155.15 [1]; *People v Chesler*, 50 NY2d 203 [1980]). We agree. Viewing the evidence in the light most favorable to defendant (*see People v Banks*, 76 NY2d 799, 800 [1990]; *People v Cunningham*, 12 AD3d 1131, 1132 [2004], *lv denied* 4 NY3d 829, 5 NY3d 761 [2005]), we conclude that there is a reasonable view of the evidence that would enable a jury to find that defendant, a Seneca County Deputy Sheriff, took the allegedly stolen property from the surplus property warehouse of the Seneca County Sheriff's Department under a claim of right (*see People v Baroody*, 59 AD3d 111 [2009]; *People v Ace*, 51 AD3d 1379 [2008], *lv denied* 11 NY3d 733 [2008]). We note that, contrary to the court's conclusion, the defense applies where, as here, a defendant claims that he or she was given the right to possess the property by another person who has authority over it (*see generally Chesler*, 50 NY2d 203 [1980]).

The indictment alleged, inter alia, that defendant stole property that included a boat and tires. At trial, the People presented the statement of defendant to the police indicating that the Undersheriff had given him permission to take the allegedly stolen items from the warehouse. The People also presented evidence establishing that the items in the warehouse included wrecked patrol cars, recovered property, out-of-service items, and other property that was no longer being used by the Sheriff's Department. The evidence establishes that there was a bullet hole in the boat and that the tires taken by defendant were apparently unused, but there is no evidence establishing that the tires fit any Sheriff's Department vehicle that was still in service when defendant took the tires. Viewing the evidence in the light most favorable to defendant, including the evidence demonstrating that the Sheriff's deputies used their personal vehicles to perform departmental duties, we agree with defendant that there is a reasonable view of the evidence to support a finding that he had a good faith belief that the Undersheriff had

authority to dispose of the surplus property and that the Undersheriff had given him permission to take the tires and the other property.

All concur except Fahey and Peradotto, JJ., who dissent and vote to affirm in the following memorandum.

Fahey and Peradotto, JJ. (dissenting). We respectfully dissent because in our view, County Court properly denied defendant's request to charge the jury on the defense of claim of right. We cannot agree with the majority that there is a reasonable view of the evidence, viewed in the light most favorable to defendant (*see People v Banks*, 76 NY2d 799, 800 [1990]), that would enable a jury to find that defendant took property from the surplus warehouse of the Seneca County Sheriff's Department "under a claim of right made in good faith" (Penal Law § 155.15 [1]; *see People v Cunningham*, 12 AD3d 1131, 1132 [2004], *lv denied* 4 NY3d 829, 5 NY3d 761 [2005]; *People v Geppner*, 122 AD2d 394, 396 [1986]; *cf. People v Ace*, 51 AD3d 1379 [2008], *lv denied* 11 NY3d 733 [2008]).

Defendant offered no direct evidence to support his alleged belief that he had the authority or right to take the property (*cf. Ace*, 51 AD3d at 1380). Indeed, we note that the evidence on which the majority relies to support defendant's alleged belief is a statement made by defendant to the police in which he stated, "[The Undersheriff] told us that he was taking a canoe home and he told us we could take what we want. [The Undersheriff] also took some old military lights and an old electric lawn mower. I took a Jon boat, a storage shelf and five 235 75R tires. I could not use the tires on my Ford F-150 pickup truck, so I took them to Trombley's in Seneca Falls and I traded them towards new tires for my truck." Notably, defendant did not inform the police that he believed that he had the right to take the property, nor did he state that he believed that the Undersheriff had the authority to give permission to take the property. Moreover, there was no evidence that the property in question had been abandoned, which renders this case distinguishable from *People v Baroody* (59 AD3d 111 [ 2009]). Rather, the property here was surplus property of the Seneca County Sheriff's Department that was being stored in a warehouse.

Although the majority relies in part on evidence that Sheriff's deputies used their personal vehicles to perform departmental duties to support its conclusion that such evidence provided a possible justification for defendant's actions, we cannot agree that such evidence supports that conclusion. The Undersheriff's statement that defendant could take what he wanted from the

warehouse was not limited to items that defendant might use in the course of his professional duties, and there is nothing in the record to suggest that defendant took the property in question, including a boat and tires, for use in that capacity. In fact, the tires did not fit his personal vehicle, and he traded them in for new tires. In sum, there is no reasonable view of the evidence on this record to enable a jury to find that defendant, a Sheriff's deputy charged with enforcing the law, had a good faith belief that he had the right to take the property in question for his personal use and benefit. We therefore would affirm the judgment of conviction and would remit the matter to County Court for proceedings pursuant to CPL 460.50 (5). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.