**Jimmy LOWRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 627–84.**

Court of Criminal Appeals of Texas,
En Banc.

June 12, 1985.

Ray F. Grisham, court appointed on appeal only, Sherman, for appellant.

Stephen Davidchik, Co. Atty., Elizabeth Segovis, Asst. Co. Atty.; Sherman, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of the offense of criminal nonsupport, V.T.C.A., Penal Code § 25.05. He was sentenced to one year imprisonment in the Texas Department of Corrections, probated for one year. On appeal to the Dallas Court of Appeals, appellant attacked the constitutionality of the criminal nonsupport statute, § 25.05, supra. The appellate court reversed the conviction and remanded the case back to the trial court for trial under the former penal code provisions. *Lowry v. State,* 671 S.W.2d 601 (Tex.App.—Dallas 1984). We granted the State's petition for discretionary review to determine whether the court of appeals erred by holding that V.T.C.A. Penal Code, § 25.05 was unconstitutional in its entirety.

The relevant portions of Section 25.05 provide:

"(a) An individual commits an offense if he intentionally or knowingly fails to provide support that he can provide and that he was legally obligated to provide for his children younger than 18 years, or for his spouse who is in needy circumstances.

.    .    .    .    .

(f) It is an affirmative defense to prosecution under this section that the actor could not provide the support that he was legally obligated to provide."

V.T.C.A. Penal Code, § 2.04(d) provides that:

"If the issue of the existence of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of the evidence."

Over appellant's objection, the trial court charged the jury on the State's burden of proof beyond a reasonable doubt on the issue of appellant's ability to provide support, and appellant's burden of proof on the affirmative defense regarding his inability to provide support.

The Dallas Court of Appeals held that the instructions were inherently contradictory and denied appellant due process of law. It further held that § 25.05 was unconstitutional in its entirety and remanded the case to the trial court for a new trial under the prior law.

In its petition for discretionary review, the State concedes that the statute is unconstitutional, but argues that the court of appeals erred in remanding the case for a new trial under the prior law. The State suggests that § 25.05 could be rendered valid by striking certain words in the following manner:

"§ 25.05 Criminal Nonsupport

(a) An individual commits an offense if he intentionally or knowingly fails to provide support that he can provide and that he was legally obligated to provide for his children younger than 18 years, or for his spouse who is in needy circumstances."

We agree with the State's contention that the court of appeals failed to adequately deal with the constitutional infirmity of § 25.05; however, we reject the State's suggested remedy.

Initially, the statute is rendered unconstitutional because it shifts the burden of disproving an element of the offense to the defendant. In *In re Winship* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), the United States Supreme Court stated:

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

This concept is preserved statutorily by V.T.C.A. Penal Code, § 2.01. See also *Homan v. State*, 662 S.W.2d 372 (Tex.Cr.App. 1984) and *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978, opinion on appellant's motion for rehearing).

The United States Supreme Court has also held that it is a violation of the due process clause of the Fourteenth Amendment to shift the burden of proof in a criminal case to the defendant. In *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the court considered a Maine criminal murder statute which required that the defendant prove by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce the conviction from murder to manslaughter. The court held that shifting to the defendant the burden of proving his state of mind violated the due process clause of the Fourteenth Amendment, and that the State must bear the burden of proof on this element. 95 S.Ct. at 1891.

In the instant case, § 25.05 requires that, as an element of the offense, the State must prove the defendant's ability to provide support. Subsection (f) then requires the defendant to prove his inability to provide support as an affirmative defense. Despite the statute's use of the term "affirmative defense," § 25.05(f) serves to shift to the defendant the burden of disproving an element of the offense, thereby depriving the defendant of his right of due process.

Given the effect of this provision, we may now address the appropriate remedy. We find that the court of appeals erred in declaring the entire statute unconstitutional. Section 7 of the original Act (Acts 1973, 64th Leg., ch. 399, § 7, eff. Jan. 1, 1974), enacting § 25.05 as well as the entire Penal Code, provided:

"[If] any provision of this act ... is held invalid, such invalidity shall not affect other provisions ... of The Act which

can be given effect without the invalid provision, ... and to this end the provisions are declared to be severable."

Giving effect to this provision, we hold that § 25.05 is unconstitutional only insofar as it shifts the burden of disproving an element of the offense to the defendant vis-a-vis subsection (f). We therefore sever from the statute the offending provision.[1]

The Dallas Court of Appeals failed to consider the severability clause of the Act, and determined that although the statute may withstand constitutional challenge if subsection (f) were omitted, the court was not empowered to make such a legislative choice, citing *Ex parte Davis*, 412 S.W.2d 46 (Tex.Cr.App.1966) and *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99 (1961). The statutes involved in the cited cases were clear and unambiguous, and the holdings related to the courts' ability to depart from literal readings of the statutes. No constitutional problems were involved. Thus, those cases are inapplicable to the case at bar.

We also reject the State's suggestion that we remove the words "he can provide and that" from subsection (a) of § 25.05. If this were done, an element of the offense would be removed, the scope of the statute would be broadened, and a new offense would arise. See *Howard v. State*, 617 S.W.2d 191 (Tex.Cr.App.1979), at fn. 1. We decline the opportunity to create a new offense, and instead prefer to simply declare ineffective that part of the present statute, subsection (f), which results in deprivation of constitutional rights.

Based upon the foregoing, we reverse that part of the judgment of the Dallas Court of Appeals which is inconsistent with our holding, affirm that which is consistent with this decision. The judgment of the trial court is reversed and the case is remanded for a new trial under the proper law.

CLINTON, J., concurs in result.

1. Even if the Act had not contained a severability clause, we would not have had to declare the entire statute unconstitutional. See *Delorme v.*

*State,* 488 S.W.2d 808 (Tex.Cr.App.1973). See also *Ex parte Tullos,* 541 S.W.2d 167 (Tex.Cr. App.1976).