664 S.E.2d 161

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**David Gabriel STAMM, Defendant Below, Appellant.**

No. 33505.

Supreme Court of Appeals of West Virginia.

Submitted April 15, 2008.

Decided May 23, 2008.

Greta L. Davis, Public Defender Corporation, Clarksburg, for the Appellant.

Kurt W. Hall, Assistant Prosecuting Attorney, Harrison County Prosecuting Attorney's Office, Clarksburg, for the Appellee.

DAVIS, Justice:

In this criminal appeal, David Gabriel Stamm, appellant, and defendant below (hereinafter "Mr. Stamm"), was convicted of the felony offense of failure to meet an obligation to provide support to a minor in violation of W. Va.Code § 61–5–29 (1999) (Repl. Vol.2005). On appeal, Mr. Stamm argues that W. Va.Code § 61–5–29 unconstitutionally shifts the burden of proof to the defendant with respect to a material element of the offense. We agree, and therefore reverse his conviction and sentence, and remand this case for a new trial.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In March 2004, the Family Court of Harrison County, West Virginia, rendered a "Child Support and Custody Order" in which it found that Mr. Stamm had acknowledged that he is the father of E.S.,[1] who was born on August 15, 2000, and further concluded that Mr. Stamm is, in fact, the father of E.S.[2] The order further directed Mr. Stamm to pay monthly child support in the amount of $167.52. Thereafter, on October 30, 2005, Rebecca Roth, the mother of E.S. and Mr. Stamm's former girlfriend, filed a complaint with the Harrison County Sheriff's Department alleging that Mr. Stamm had not paid his monthly child support obligation during the period from October 1, 2004, through the date of the complaint.

Mr. Stamm was arrested on December 22, 2005, and charged with the offense of failure to meet an obligation to provide support to a minor in violation of W. Va.Code § 61–5–29. In May 2006, he was indicted on the same charge. Prior to trial, Mr. Stamm filed a "Motion to Dismiss Indictment" arguing that

---

1. "As is our customary practice in cases involving minors, we will refer to the [child] by [his] initials rather than by [his] full name[ ]. *See. e.g., In re Cesar L.*, 221 W.Va. 249, 252 n.1, 654 S.E.2d 373, 376 n.1 (2007)." *Soulsby v. Soulsby,* 222 W.Va. 236, 239 n.2, 664 S.E.2d 121, 124 n.2 (2008).

2. The case number designated on the support order is 03–D–544–4.

W. Va.Code § 61–5–29 is unconstitutional. The trial court denied the motion, and a jury trial followed. Mr. Stamm asserted, as an affirmative defense, his inability to reasonably provide the required support. At the close of the State's case in chief, Mr. Stamm made a motion for judgment of acquittal arguing that the State had failed to demonstrate that he had the ability to pay his court-ordered child-support obligation. The trial court denied the motion. Mr. Stamm then presented evidence in his defense to establish his inability to pay. At the end of all the evidence, Mr. Stamm again made a motion for judgment of acquittal. This motion was also denied by the trial court.

The jury ultimately returned a verdict finding Mr. Stamm guilty of the sole felony count of the indictment, *i.e.*, failure to meet an obligation to provide support to a minor. On July 28, 2006, Mr. Stamm was sentenced to a prison term of not less than one nor more than three years. He was also ordered to pay the costs of the proceedings, to make restitution to the State of West Virginia in the amount of $1,864,00, and to make restitution to Rebecca Roth in the amount of $7,386.00. The sentencing order was entered on August 11, 2006. Subsequently, Mr. Stamm's trial counsel left the employ of the Public Defender Corporation, and new counsel was assigned. On November 9, 2006, Mr. Stamm filed a motion to extend his time to file an appeal. The trial court granted the motion. Then, in December 2006, Mr. Stamm's counsel discovered that a "Notice of Intent to File Appeal" had not been filed in this matter. Accordingly, counsel filed a motion asking the trial court to resentence Mr. Stamm. The motion was granted, and Mr. Stamm was resentenced by order entered December 13, 2006. This appeal followed.

## II.

### STANDARD OF REVIEW

■ In this criminal case, we are asked to determine the constitutionality of W. Va. Code § 61–5–29. This presents a question of law, which we review *de novo*. " 'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. pt. 1, *State v. Paynter*, 206 W.Va. 521, 526, 526 S.E.2d 43 S.K.2d 43 (1999).

### III

### DISCUSSION

Mr. Stamm argues that W. Va.Code § 61–5–29 unconstitutionally shifts the burden of proof to the defendant with respect to the material element of the offense requiring an ability to pay, thereby violating his right to due process. We agree.[3]

We have previously observed that "[i]t is a foundation of criminal law that '[t]he State must prove all the elements of a crime beyond a reasonable doubt.' " *State v. Joseph*, 214 W.Va. 525, 529, 590 S.E.2d 718, 722–23 (2003) (quoting *State v. Less*, 170 W.Va. 259, 264, 294 S.E.2d 62, 66 (1981); and citing *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Pinkerton v. Farr*, 159 W.Va. 223, 220 S.E.2d 682 (1975)).

■ Additionally, "[t]his Court, as well as the United States Supreme Court, has made clear that 'a defendant can be required to prove the affirmative defenses that he [or she] asserts.' " *State v. Cook*, 204 W.Va. 591, 600, 515 S.E.2d 127, 136 (1999) (citing *State v. Daniel*, 182 W.Va. 643, 652, 391 S.E.2d 90, 99 (1990), and *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)). However, the requirement that a defendant prove an affirmative defense is not without limitation. "A defendant is required to present evidence on the affirmative defenses asserted *as long as the State does not shift to the defendant the burden of disproving any element of the State's case.*" Syl. pt. 5, *State v. Daniel*, 182 W.Va. 643, 391 S.E.2d 90 (1990) (emphasis added). In this way, the

---

3. We summarily reject Mr. Stamm's argument that the circuit court erred by denying his motions for judgment of acquittal made at the close of the State's case and again at the end of the

evidence. *See* W. Va. R.Crim. P. 29(a). We find that the evidence presented by the State was sufficient to submit this case to the jury.

burden properly remains on the State to prove the elements of the crime charged beyond a reasonable doubt:

It is well established that the prosecution must prove every element of the crime charged beyond a reasonable doubt. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Therefore, ... plac[ing] any part of this burden upon a criminal defendant is an improper shifting of the burden of proof.

*State v. Daniel*, 182 W.Va. 643, 652, 391 S.E.2d 90, 99 (1990). *See also State v. Pendry*, 159 W.Va. 738, 753–54, 227 S.E.2d 210, 220 (1976) ("We are content to say that *Mullaney* [*v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975),] stands for the following general propositions: (1) In a criminal case, the State is required to carry the burden of proving beyond a reasonable doubt every material element of the crime with which the defendant is charged; (2) In carrying its burden of proof beyond a reasonable doubt, the State is not entitled to an instruction which requires a jury to accept as proved beyond a reasonable doubt any element of the criminal offense charged, and this concept embraces presumptions (more properly inferences) as to which the jury may be instructed; and (3) A defendant in a criminal case cannot be required to present evidence either in terms of going forward with the evidence or in terms of bearing the burden of persuasion in connection with any material element of the crime charged."), *overruled in part on other grounds by Jones v. Warden, West Virginia Penitentiary*, 241 S.E.2d 914, 161 W.Va. 168 (1978).[4]

The crime of which Mr. Stamm was convicted is found at W. Va.Code § 61–5–29, which states in relevant part:

(2) A person who persistently fails to provide support *which he or she can reasonably provide* and which he or she knows he or she has a duty to provide to a minor by virtue of a court or administrative order and the failure results in: (a) An arrearage of not less than eight thousand dollars; or (b) twelve consecutive months without payment of support, is guilty of a felony and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not less than one year nor more than three years, or both fined and imprisoned.

4. This due process requirement has been summarized thusly:

The prosecution may not pass to the defendant the burden of proving a material element of the offense. In *Morris* [*v. Maryland*, 715 F.2d 106 (4th Cir.1983)], the court stated that the Fourteenth Amendment requires that the state shoulder the responsibility and burden of proving beyond a reasonable doubt all of the elements of a crime. Specifically, the court found that the defendant has no burden of proving mitigation, excuse, or justification in a first degree murder case. The prosecutor's comment indicating the defendant failed to prove a point raised by the defendant did not impermissibly shift the burden of proof to the defendant.

Neither *Pendry* nor *Mullaney* should be construed as suggesting that the due process clause imposes a constitutional limitation on the state or federal government to require the defendant to bear the burden of proving affirmative defenses. In *Pendry*, the court specifically held that the burden of proof of affirmative defenses such as insanity, alibi, and self-defense could be placed on the defendant as long as the jury is told that this burden does not relieve the prosecution from the obligation to prove every material element of the crime beyond a reasonable doubt. Specifically, the court in *Pendry* stated:

[T]hese and other defenses are not invalidated by *Mullaney* so long as the State is not relieved of the ultimate burden of proving beyond a reasonable doubt every material element of the crime. If a defendant is not put in the position of being required to rebut the State's case by the introduction of evidence, he cannot claim any constitutional infirmity. When, however, he elects to take advantage of any authorized defense under the law of this State, he may be required to carry a burden of going forward with the evidence and carrying a burden of persuasion to a degree not greater than by a preponderance of the evidence. The State is entitled to define the burden which he must carry if his particular defense is to be sustained, provided that this does not lessen the burden of the State to prove every material element of the crime beyond a reasonable doubt.

Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 12–2(A)(3), at 12–19 & 12–20 (4th ed.2000) (footnotes omitted) (quoting *State v. Pendry*, 159 W.Va. 738, 756, 227 S.E.2d 210, 221 (1976)).

(3) In a prosecution under this section, the defendant's alleged *inability to reasonably provide the required support* may be raised only as an affirmative defense, after reasonable notice to the state.

(Emphasis added).

As Mr. Stamm correctly observes, the foregoing statute includes a reasonable ability to provide support not only as an element of the crime, but also as an affirmative defense. A statute similar to this was addressed by the Court of Criminal Appeals of Texas in the case of *Lowry v. State,* 692 S.W.2d 86 (1985). The relevant portion of the statute involved in *Lowry* provided

"(a) An individual commits an offense if he intentionally or knowingly fails to provide support that *he can provide* and that he was legally obligated to provide for his children younger than 18 years, or for his spouse who is in needy circumstances.

\*    \*    \*    \*    \*    \*

(f) It is an affirmative defense to prosecution under this section that the actor *could not provide the support* that he was legally obligated to provide."

*Id.* at 86 (quoting V.T.C.A. Penal Code, § 25.05) (emphasis added). After reviewing the United States Supreme Court's holdings in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, along with relevant state law, the Texas court concluded:

In the instant case, § 25.05 requires that, as an element of the offense, the State must prove the defendant's ability to provide support. Subsection (f) then requires the defendant to prove his inability to provide support as an affirmative defense. Despite the statute's use of the term " 'affirmative defense,' " § 25.05(f) serves to shift to the defendant the burden of disproving an element of the offense,

thereby depriving the defendant of his right of due process.

*Lowry,* 692 S.W.2d at 87.

■ In deciding the constitutionality of W. Va.Code §§ 61–5–29(2) & (3), we are mindful that "[i]n considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. . . ." Syl. pt. 1, in part, *State ex rel. Appalachian Power Co. v. Gainer,* 149 W.Va. 740, 143 S.E.2d 351 (1965). Furthermore, "[a]cts of the Legislature are always presumed to be constitutional, and this Court will interpret legislation in any reasonable way which will sustain its constitutionality." *State ex rel. City of Charleston v. Coghill,* 156 W.Va. 877, 883, 207 S.E.2d 113, 118 (1973). *See also State v. Flinn,* 158 W.Va. 111, 129, 208 S.E.2d 538, 548 (1974) ("The general rule, promulgated both by the Supreme Court of the United States and this Court, requires resort to every reasonable construction to sustain constitutionality." (citing *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *Fox v. Washington,* 236 U.S. 273, 35 S.Ct. 383, 59 L.Ed. 573 (1915); and *Willis v. O'Brien,* 151 W.Va. 628, 153 S.E.2d 178 (1967))).

■ The forgoing principles of statutory construction notwithstanding, based upon our review of prior case law as set out above, and our consideration of W. Va.Code § 61–5–29(2) & (3), we find that, like the statute at issue in *Lowry,* W. Va.Code § 61–5–29(3) unconstitutionally shifts to a defendant the burden of disproving an element of the offense defined therein, and therefore violates the due process clauses found in Article III, Section 10, of the Constitution of West Virginia,[5] and the Fourteenth Amendment to the United States Constitution.[6]

**5.** Pursuant to Article III, Section 10, of the Constitution of West Virginia, "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

**6.** The Fourteenth Amendment to the United States Constitution states, in relevant part,

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: nor shall any State deprive any person of life, liberty, or property, without due

Having determined that W. Va.Code § 61–5–29(3) violates due process, we must now consider principles of statutory severability in order to decide whether the entire statute, or merely subsection (3), must be declared unconstitutional.

■ With respect to the issue of severability, this Court has held,

A statute may contain constitutional and unconstitutional provisions which may be perfectly distinct and separable so that some may stand and the others will fall; and if, when the unconstitutional portion of the statute is rejected, the remaining portion reflects the legislative will, is complete in itself, is capable of being executed independently of the rejected portion, and in all other respects is valid, such remaining portion will be upheld and sustained.

Syl. pt 6, *State v. Heston,* 137 W.Va. 375, 71 S.E.2d 481 (1952).[7] *Accord Louk v. Cormier,* 218 W.Va. 81, 96–97, 622 S.E.2d 788, 803–04 (2005); Syl. pt. 3, *Frantz v. Palmer,* 211 W.Va. 188, 564 S.E.2d 398 (2001); Syl. pt. 7, *State v. Flinn,* 158 W.Va. 111, 208 S.E.2d 538.

With respect to the foregoing analysis, this Court has explained that

[t]he most critical aspect of severability analysis involves the degree of dependency of statutes. Thus, "[w]here the valid and the invalid provisions of a statute are so connected and interdependent in subject matter, meaning, or purpose as to preclude the belief, presumption or conclusion that the Legislature would have passed the one without the other, the whole statute will be declared invalid." Syl. pt. 9, *Robertson v. Hatcher,* 148 W.Va. 239, 135 S.E.2d 675 (1964).

*Louk v. Cormier,* 218 W.Va. 81, 97, 622 S.E.2d 788, 804. We find that W. Va.Code § 61–5–29 does not meet the foregoing criteria that would require us to declare the entire statute unconstitutional. Rather, subsections (1)[8] and (2)[9] of W. Va.Code § 61–5–29 set out complete criminal offenses that are independent from the affirmative defense established in W. Va.Code § 61–5–29(3). *See Lowry v. State,* 692 S.W.2d at 88 ("[W]e hold that § 25.05 is unconstitutional only insofar as it shifts the burden of disproving an element of the offense to the defendant vis-a-vis subsection (f). We therefore sever from the statute the offending provision." (footnote omitted)). Accordingly, we now hold that, insofar as W. Va.Code § 61–5–29(3) (1999) (Repl.Vol.2005) shifts to a defendant the burden of disproving a material element of the State's case, in violation of the due process clauses found in Article III, Section 10, of the Constitution of West Virginia, and the Four-

---

process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

7.  This analysis is proper even in the absence of a statutory severability clause. *See State ex rel. State Bldg. Comm'n v. Bailey,* 151 W.Va. 79, 93, 150 S.E.2d 449, 457 (1966) ("The principle is well settled by many decisions of this Court that a statute ... may contain both constitutional and unconstitutional provisions which in substance are distinct and separable so that some may stand though others must fall. *And this is true whether or not the statute in question contains a separability clause.*" (emphasis added) (citations omitted)).

8.  W. Va.Code § 61–5–29(1) sets out the misdemeanor offense of failure to provide support to a minor as follows:

A person who: (a) Persistently fails to provide support which he or she can reasonably provide and which he or she knows he or she has a duty to provide to a minor; or (b) is subject to court order to pay any amount for the support of a minor child and is delinquent in meeting the full obligation established by the order and has been delinquent for a period of at least six months' duration, is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars, or confined in the county or regional jail for not more than one year, or both fined and confined.

9.  W. Va.Code § 61–5–29(2) sets out the felony offense of failure to provide support to a minor as follows:

A person who persistently fails to provide support which he or she can reasonably provide and which he or she knows he or she has a duty to provide to a minor by virtue of a court or administrative order and the failure results in: (a) An arrearage of not less than eight thousand dollars; or (b) twelve consecutive months without payment of support, is guilty of a felony and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not less than one year nor more than three years, or both fined and imprisoned.

teenth Amendment to the United States Constitution, that individual provision, severed from the remainder of W. Va.Code § 61–5–29, is unconstitutional and unenforceable. W. Va.Code §§ 61–5–29(1) and (2) remain fully enforceable.

The State responds that, even if the statute is unconstitutional, the error in this instance was harmless because the jury instruction did not shift the burden of proof. Indeed, this Court has held that "[f]ailure to observe a constitutional right constitutes reversible error *unless it can be shown that the error was harmless beyond a reasonable doubt.*" Syl. pt. 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975) (emphasis added).

The jury in this case was instructed, in relevant part, as follows:

> The Court instructs the jury that where a person is charged with and on trial for an offense of failure to meet an obligation to provide support to a minor, and that person offers in his defense evidence for the purpose of providing [sic] that he lacked the ability to reasonably provide the support at the time the offense is alleged to have been committed, such a defense in law is called inability to pay. The court instructs the jury that where the accused relies upon an inability to pay in his defense, the jury should consider such evidence. If the evidence of inability to pay creates a reasonable doubt in the minds of the jury whether the accused could reasonably provide the support obligation at the time alleged in the Indictment, then the jury must return a verdict of not guilty.

As the State points out, this instruction is not phrased in the same manner as W. Va.Code § 61–5–29(3) in that it does not expressly identify the defense of inability to pay as an affirmative defense. The instruction also informs the jury that the defendant's burden is merely to create a reasonable doubt. Nevertheless, we do find the instruction troubling. Although the jury was advised in separate instructions that "it must be satisfied of the defendant's guilt beyond a reasonable doubt," and that the State was required to prove each element of the offense beyond a reasonable doubt, the instruction pertaining to the defense of inability to pay did not make absolutely clear that the burden remained on the State to prove, beyond a reasonable doubt, Mr. Stamm's ability to pay. Therefore, we believe that the instruction could have misled the jury into believing that Mr. Stamm bore the burden of proof as to his ability to pay support.

In the case of *Montana v. Price*, 312 Mont. 458, 59 P.3d 1122 (2002), the Supreme Court of Montana reached a similar conclusion. In *Price*, the court was asked to determine whether an instruction containing the following language had impermissibly shifted the burden of proof on an essential element of the offense to the defendant: " 'If a defense to the charge of nonsupport is inability to pay, the person's inability must be the result of circumstances over which the person had no control.' " 312 Mont. at 466–67, 59 P.3d at 1128. After observing that " 'whether a defendant has been accorded his constitutional rights depends on the way in which a reasonable juror could have interpreted the instruction,' "[10] the court stated

> [w]hile the District Court's Instruction No. 7 did not expressly shift the burden of proving those facts to Price, we conclude that its wording and specifically its reference to inability as a "defense" could have been misleading regarding the State's burden and, therefore, direct that on re-trial Instruction No. 7 not be given in its current form.

312 Mont. at 467, 59 P.3d at 1128 (quoting *Sandstrom v. Montana*, 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979)).

Because we believe that the instructions provided in this case could have misled the jury into believing that Mr. Stamm bore the burden of proof as to his ability to pay

---

10. *Accord State v. O'Connell*, 163 W.Va. 366, 370, 256 S.E.2d 429, 431 (1979) ("The timely *Sandstrom* decision reinforces our conclusion by establishing the following guiding principle: 'Whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction,' and '[t]hat determination requires careful attention to the words actually spoken to the jury.' " (quoting *Sandstrom v. Montana*, 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979))).

support, we reject the State's argument that the instruction cured the unconstitutional burden-shifting of W. Va.Code § 61–5–29(3), and rendered that error harmless. *See State v. Jenkins*, 191 W.Va. 87, 99, 443 S.E.2d 244, 256 (1994) ("It cannot be said beyond a reasonable doubt that the unconstitutional instruction could not have contributed to the verdict of first degree murder without a recommendation of mercy."); *Angel v. Mohn*, 162 W.Va. 795, 798, 253 S.E.2d 63, 66 (1979) ("[A]n instructional error which unconstitutionally shifts the burden of proof of an essential element of the crime to the defendant, causing a serious question about the accuracy of the guilty verdict, is not an error that did not contribute to the guilty verdict."). Therefore, Mr. Stamm's conviction and sentencing are reversed, and this case is remanded for a new trial. *See, e.g., State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983) (remanding for new trial where alibi instruction improperly shifted burden of proof to defendant). *See also Illinois v. Pomykala*, 203 Ill.2d 198, 271 Ill.Dec. 230, 784 N.E.2d 784 (2003) (affirming appellate court judgment remanding for new trial where burden of proof had been unconstitutionally shifted to defendant); *Iowa v. Quinn*, 691 N.W.2d 403 (2005) (remanding for new findings and conclusions after burden improperly shifted to defendant during bench trial); *New York v. Chesler*, 50 N.Y.2d 203, 428 N.Y.S.2d 639, 406 N.E.2d 455 (1980) (acknowledging that defendant would be retried in case where burden of proof had been impermissibly placed on defendant with respect to affirmative defense).

## IV.

### CONCLUSION

For the reasons stated in the body of this opinion, Mr. Stamm's conviction and sentence are reversed, and this case is remanded for a new trial consistent with this opinion.

Reversed and Remanded.