1474-15

NO. PD-1474

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

. AT AUSTIN

ORIGINAL

NO. 01-14-00910-CR

IN THE COURT OF APPEALS

FOR THE FIRST JUDICIAL DISTRICT

AT HOUSTON

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

| | | |
|---|---|---|
| JOSE RAMOS | § | APPELLANT |
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

APPELLANT'S PRO SE

PETITION FOR DISCRETIONARY REVIEW

Jose Ramos
TDC# 1964386
McConnell Unit
3001 S. Emily Dr.
Beeville, TX 78102

## INTRESTED PARTIES

### TRIAL JUDGE

Hon. Jim Anderson
182nd Criminal District Court,Harris County

### APPELLANT

Jose Ramos
Texas Department of Criminal Justice
Institutional Division

### TRIAL COUNSEL

Mr.Antonio Balderas

10701 Corporate Dr., Suite 185

Stafford, TX 77477

### APPELLATE COUNSEL

Deborah Summers
11210 Steeplecrest, Ste.120
Houston, TX 77065

### STATE OF TEXAS

Ms. Allison Buess (at trial)
Ms. Celeste Byron (at hearing)
District Attorney's Office
1201 Franklin
Houston, TX 77002

Mr. Alan Curry (on appeal)
District Attorney's Office
1201 Franklin
Houston, TX 77002

TABLE OF CONTENTS

Pg.

INTERESTED PARTIES. . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . 5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . 7

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . 8

GROUND FOR REVIEW NUMBER ONE

    Whether the Court of Appeals erred in holding the appellant

responsible for the ineffectiveness of trial counsel in his duties

under the 6th Amendment of the United States Constitution? .9

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . 14

APPENDIX "A" (Memorandum Opinion). . . . . . . . . . . . . . . 15

## INDEX OF AUTHORITIES

Pg.

Cannon v. State,252 S.W.3d 342,348-49
(Tex.Crim.App.2008) . . . . . . . . . . . . . . . . . . . . . . . 9

Johnson v. State,673 S.W.2d 190,194
(Tex.Crim.App.1984) . . . . . . . . . . . . . . . . . . . . . 10,12

Lopez v. State,343 S.W.3d 137
(Tex.Crim.App.2011) . . . . . . . . . . . . . . . . . . . . . . 11

Lowry v. State,692 S.W.2d 86,87
(Tex.Crim.App.1985) . . . . . . . . . . . . . . . . . . . . . . 10

McFarland v. State,928 S.W.2d 482,501
(Tex.Crim.App.1996) . . . . . . . . . . . . . . . . . . . . . . 12

Perez v. State,310 S.W.3d 890,892-93
(Tex.Crim.App.2010) . . . . . . . . . . . . . . . . . . . . . . 9

Rylander v. State,101 S.W.3d 107,110
(Tex.Crim.App.2003) . . . . . . . . . . . . . . . . . . . . . . 9

Strickland v. Washington,466 U.S.668,687,
104 S.Ct.2052,2064(1984). . . . . . . . . . . . . . . . . . . . 9

Thompson v. State,9 S.W.3d 808,813
(Tex.Crim.App.1999) . . . . . . . . . . . . . . . . . . . . . . 11

Williams v. State,301 S.W.3d 675,687
(Tex.Crim.App.2009) . . . . . . . . . . . . . . . . . . . . . . 9

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument is not necessary in this case.

## STATEMENT OF THE CASE

Appellant was convicted by a jury of the felony offense of Aggravated Sexual Assault. On appeal he raised two errors. 1) Trial counsel was ineffective for failing to prepare for trial. 2) Trial court erred in denying Appellant's motion for new Trial for ineffective assistance of counsel.. The First Court of Appeals affirmed the conviction holding the trial court's judgement contained no reversible error.

## STATEMENT OF PROCEDURAL HISTORY

Appellant's appeal was affirmed in an unpublished opinion of the First Court of Appeals rendered October 22,2015. The final judgement was signed by the trial court on October 31,2014. No motion for rehearing was filed. A timely Petition for Discretionary Review has been forwarded to the Court of Criminal Appeals on December 7 ,2015

## GROUNDS FOR REVIEW

### I.

Whether the court of appeals erred in holding the appellant responsible for the ineffectiveness of trial counsel in performing his duties under the 6th Amendment of the United States Constitution?

## GROUND FOR REVIEW NUMBER ONE

Whether the court of appeals errs in holding a defendant/ appellant responsible for the ineffectiveness of court appointed trial counsel?

### Argument and Authorities

Trial counsel's performance fell below an objective standard of reasonableness and his deficient performance prejudiced the defense to the degree that there is a reasonable probability that the outcome of the proceeeing would have been different.

The Court of Appeals erred in its holdings when the deficiencies of the court appointed trial counsel were attributed to the character and conduct of appellant.

To establish that trial counsel rendered ineffective assistance, an appellant must demonstrate, by a preponderance of the evidence that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that the result of the proceedings would have been different but for counsel's deficient performance. see Strickland v. Washington, 466 U.S.668,687, 104 S.Ct.2052,2064 (1984). Perez. v. State,310 S.W.3d 890,892-93 (Tex.Crim.App.2010); Cannon v. State,252 S.W.3d 342,348-49(Tex.Crim.App.2008). An appellant's failure to make either of the required showings of deficient perf- ormance and sufficient prejudice defeats the claim of ineffective assistance. see Rylander v. State,101 S.W.3d 107,110 (Tex.Crim.App. 2003); Williams v. State,301 S.W.3d 675,687 (Tex.Crim.App.2009). ("An appellant's failure to staisfy one prong of the Strickland test negates a court's nee to consider the other prong.").

It appears that the Appellate court was unable to find hhow the appellant was prejudiced by counsel's deficient performance.

9.

The appellant would point out that the fact that the record is without any "investigative evidence" by the defense counsel it can be reasonably assumed by the facts of the case that "some" evidence was available to negate the "use of a deadly weapon." The law is clear that due process requires each element of the offense to be proved beyond a reasonable doubt. see Lowry v. State, 692 S.W.2d 86,87 (Tex.Crim.App.1985); Johnson v. State, 673 S.W.2d 190,194(Tex.Crim.App.1984) "It is incumbant on the State to prove every element of the offense beyond a reasonable doubt. This is true whether the State is relying on circumstantial or direct evidence."

The offense of aggravated sexual assault relied solely on the allegation that the appellant "used a gun" to threaten and force the compalinant to engage in sexual activities. The "prejudice" prong is clear in that their would be no way to prove the offense of aggravated sexual assault without the support of some type of corroberating evidence regarding whether appellant owned or was known to possess firearms.

It was the duty of trial counsel to investigate the facts to determine if the firearm was a piece of evidence that couls be rationally proved by the state. It is clear from the record that the initial police search involved a "cell phone" not a gun. Yet the court appointed counsel did not make any effort to negate the presence of a gun. This issue regarding the gun would have made a difference in how the sexual encounter between the complainant and the accused was percieved. The state relied on the testimony that a gun was used to disprove consensual sex. But the attorney did not make any effort to create reasonable doubt on the gun.

10.

To satisfy the prejudice prong, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different Lopez v. State343 S.W.3d 137 (Tex.Crim.App.2011).

"Any allegation of ineffectiveness must be firmly rooted in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808,813 (Tex.Crim.App.1999). The appellant has the burden of proving ineffectiveness by a preponderance of the evidence. Id.

The fact that the record shows no effort on the part of the court appointed attorney to negate the use or presence of a firearm clearly demonstrates prejudice and supports a finding of the ineffective assistance of counsel because by eliminating or mitigating the use of a firearm the question of whether the sex was forced or consensual becomes a key factor which in light of the evidence presented regarding the complainant trying to use the criminal justice system to obtain immigration papers, is material.

The failure of the court appointed counsel in having meaningful trial preparation meetings with the appellant is without question ineffective. The court appointed attorneys are skilled in theier abilities to "be persuasive" in dealing with less than cooperative clients. Trial counsel has a "duty" to defenda. It is not the responsibility of the accused unless he makes a choice to defend himself. The character and conduct of the client does not relieve trial counsel of his constitutional duty to defend the accused.

11.

Appellate counsel prepared a questionnaire for trial counsel to respond and swear to the facts in the case for the motion for new trial hearing by affidavit. In this affidavit, trial counsel admitted to his failures and his excuses pointed to the character and conduct of the Appellant.

Trial counsel has a duty to make an independant investigation into the facts of the case. McFarland v. State,928 S.W.2d 482, 501.(Tex.Crim.App.1996).

Appellant herein points out that the Court of Appeals decision was based on a failure to show how he was prejudiced by the deficient performance of trial counsel. The Court of Appeals failed to review the "record" de novo in resolving the factual determinations of the trial court's denial of the motion for new trial. Johnson v. State,169 S.W.3d 223,239 (Tex.Crim.App. 2005).

## Sufficiency of Evidence

While the appellate counsel did not raise the sufficiency of evidence as an error on the direct appeal. It should be noted for consideration in the prejudice prong that the evidence is legally and factually insufficient to support a finding that Appellant used or possessed a firearm.

12.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Petitioner prays that this Court GRANT this Petition for Discretionary Review, Order briefs from interested parties, and set the case for submission; that after submissio this Court reverse the judgement of the Court of Appeals and remand the case back to the trial court on a motion for new trial.

Respectfully submitted.

On this 7 day of December, 2015

by: _Jose Ramos_

Jose Ramos #1964386
3001 S. Emily Dr.
Beeville, TX 78102

13.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review has been forwarded to Mr. Alan Curry, District Attorney's Office, 1201 Franklin, Houston, TX 77002 and Lisa C. McMinn, State Prosecuting Attorney, P,O. Box 13406, Austin, TX 78711-3046 on this ____ day of December, 2015 by placiong the same in the prison mailing system U.S.first class postage prepaid.

Jose Ramos

14.

APPENDIX "A"

Memorandum Opinion



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-14-00910-CR

JOSE RAMOS, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 182nd District Court of Harris County. (Tr. Ct. No. 1405942).

This case is an appeal from the final judgment signed by the trial court on October 31, 2014. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered October 22, 2015.

Panel consists of Chief Justice Radack and Justices Bland and Huddle. Opinion delivered by Chief Justice Radack.

Opinion issued October 22, 2015.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00910-CR

———————————

**JOSE RAMOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1405942

## MEMORANDUM OPINION

A jury convicted appellant, Jose Ramos, of aggravated sexual assault and assessed punishment at sixty years' confinement. In two points of error, appellant contends that (1) his trial counsel was ineffective for failing to prepare for trial, and

(2) the trial court erred in denying appellant's motion for a new trial based on such ineffective assistance of counsel. We affirm.

## BACKGROUND

A grand jury indicted appellant for the offense of aggravated sexual assault of the complainant, Jane,[1] appellant's neighbor. Jane's husband regularly left for work at around 5:00 A.M., and Jane would usually shut the door behind him after he left. At trial, Jane testified that appellant forcefully entered her apartment as she attempted to close the door after her husband had left for work. Appellant then threatened Jane with a gun, telling her not to yell or resist or he would shoot her. Appellant took Jane to the bathroom where she was forced at gun point to perform oral sex on appellant. Appellant then forced her into the living room, throwing her onto the couch. Jane further testified that appellant raped her on the couch while holding the gun to her forehead. Afterward, appellant forced her back into the bathroom and demanded she wash herself. Appellant then robbed Jane, taking $200 in cash and her cell phone. Jane waited until she knew appellant was gone and then went over to her friend's apartment where she eventually called the police. An ambulance transported Jane to the hospital where a sexual assault exam was performed and a rape kit taken.

---

[1]   The pseudonym "Jane" will be used for the victim in this case. *See* TEX. CODE CRIM. PROC. art. 57.02(b) (West 2010).

2

Several days later, Jane recognized appellant walking in her apartment complex, and she and her husband called the police. The police found that appellant had Jane's cell phone, but he told police he did not know Jane and had received the phone from a friend. Appellant provided a DNA sample and was arrested. A DNA analyst analyzed Jane's rape kit, and found semen on Jane's vaginal cervical swab and underwear. The analyst determined that appellant's DNA could not be excluded from Jane's underwear or her vaginal swab. Jane identified appellant in court as her attacker. The State introduced testimony regarding Jane's version of the events. The trial court also admitted the DNA test results indicating that appellant was a source of DNA for the vaginal swabs taken from Jane.

After appellant's trial counsel advised him regarding the right to testify, appellant chose to testify on his own behalf. Appellant testified he spoke with Jane many times and eventually established a sexual relationship with her. He testified the two would meet up early in the mornings when her husband would leave for work. Appellant admitted he was there the morning of the alleged incident, and that he had sex with Jane after her husband left that day. Appellant testified that Jane mentioned to appellant her desire to become a permanent resident, and asked if appellant could help her "fix her papers." Appellant contends after he refused to help with her papers that she became angry and promised he was "going to pay for

3

it." He admitted to stealing the phone, but only as "revenge" for Jane becoming upset with him. Other than appellant, trial counsel did not call any witnesses, nor did he introduce any evidence concerning appellant's good character. A jury then found appellant guilty of aggravated sexual assault as charged in the indictment.

Jane testified during the punishment phase as well. She testified concerning the after-effects of the incident, in which she felt afraid something would happen to her if she called the police. She also testified that the relationship between her and her husband has changed due to the incident, and that she is still afraid and cannot sleep at night. She testified that she was pregnant when the incident occurred, and feared for her other child who was sleeping in the next room during the incident. Although trial counsel for appellant renewed his motion to acquit, which was denied, trial counsel did not call any witnesses or introduce any mitigating evidence during the punishment phase.

Appellant, with newly appointed counsel, filed a motion for new trial primarily asserting that appellant's trial counsel "failed to prepare himself" for trial. Specifically, appellant claims that trial counsel was ineffective because he: 1) failed to investigate the offense; 2) failed to prepare appellant to testify on direct and cross-examination; and 3) failed to subpoena witnesses on appellant's behalf. The trial court heard appellant's motion for new trial by affidavits on February 13, 2015. In his affidavits, appellant claimed that defense counsel only met with him

once in defense counsel's office to prepare for his testimony. He also asserted that his wife, sisters, and brother-in-law were available to testify, but defense counsel did not call them. He asserted that the witnesses would have testified about "my life, how I really am, that they don't believe I would do something like that." Appellant admitted that he had sex with the victim, but stated that it was consensual.

Defense counsel testified by affidavit that he never met with appellant in jail, and that once appellant was released on bond, he never scheduled an appointment. Defense counsel believed appellant's representations that appellant was going to hire another lawyer. When counsel showed up at the first trial setting, he was surprised that appellant had not hired someone, so counsel asked for a continuance to prepare for trial. Defense counsel did not challenge the DNA evidence because appellant admitted to having sex with the complainant, who he claimed was his girlfriend. Defense counsel asked appellant for any witnesses who could support his story that the complainant was his girlfriend, but appellant said no one else knew. The prosecutor testified that appellant's wife, who was at trial, seemed upset about appellant's testimony at the guilt-innocence phase and would not be returning to court. Defense counsel stated that appellant's wife and relatives, who were present at guilt-innocence, did not return to court for punishment because appellant "did not want them there."

After reviewing the affidavits and hearing arguments from both parties, the trial judge noted that appellant had intentionally not hired a new lawyer because "he thought he could delay ever having a trial and having to answer the charges." The judge denied appellant's motion for mew mrial. Appellant filed a timely notice of appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first point of error, appellant contends that his trial counsel rendered constitutionally ineffective assistance. Specifically, appellant contends that his trial counsel: (1) failed to investigate the offense; (2) failed to prepare appellant to testify; (3) failed to meet with appellant; (4) failed to listen to the complainant's audio statement; and (5) failed to subpoena witnesses on appellant's behalf. In his second point of error, appellant contends the trial court erred in overruling his motion for new trial based on the ineffectiveness alleged in point of error one. Thus, we address both issues together.

### *Standard of Review*

To establish that trial counsel rendered ineffective assistance, an appellant must demonstrate, by a preponderance of the evidence, that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that the result of the proceeding would have been different but for his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064

6

(1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010); *Cannon v. State*, 252 S.W.3d 342, 348–49 (Tex. Crim. App. 2008). An appellant's failure to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

An appellant must first show that his counsel's performance fell below an objective standard of reasonableness. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The second prong of *Strickland* requires an appellant to demonstrate prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, therefore, appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065; *Williams*, 301 S.W.3d at 687. Our review

is highly deferential to counsel, and we do not speculate regarding counsel's trial strategy. *See Bone v. State*, 77 S.W.3d 828, 833, 835 (Tex. Crim. App. 2002). To prevail on an ineffective assistance claim, appellant must provide an appellate record that affirmatively demonstrates that counsel's performance was not based on sound strategy. *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *see Thompson*, 9 S.W.3d at 813 (holding that record must affirmatively demonstrate alleged ineffectiveness).

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. *Freeman v. State*, 340 S.W.3d 717, 732 (Tex. Crim. App. 2011). A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). This deferential review requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 1511

8

(1985). This same deferential review must be given to a trial court's determination of historical facts when it is based solely on affidavits, regardless of whether the affidavits are controverted. *Charles*, 146 S.W.3d at 208. The trial court is free to disbelieve an affidavit, especially one unsupported by live testimony. *Kober v. State*, 988 S.W.2d 230, 234 (Tex. Crim. App. 1999).

*Analysis*

### A. Failure to Investigate the Offense

In his first claim of ineffective assistance, appellant complained that his trial counsel rendered ineffective assistance of counsel by failing to conduct a proper investigation of the facts of the case. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. A claim for ineffective assistance based on trial counsel's general failure to investigate the facts of the case fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). A challenge to defense counsel's failure to investigate will only be sustained when, because of that failure, "the only viable defense available to the accused is not advanced, and there is a reasonable probability that, but for counsel's failure to

9

advance the defense, the result of the proceeding would have been different." *Cantu v. State*, 993 S.W.2d 712, 718 (Tex. App.—San Antonio 1999, pet. ref'd).

Trial counsel testified via affidavit that he discussed the case with appellant all eight times they were in court, specifically regarding the "state's case . . . and the facts with [appellant]." Appellant told his defense counsel that he had sex with the complainant, but the sex was consensual. Defense counsel asked if any witnesses could verify the claimed dating relationship between appellant and the complainant, but appellant did not provide any names. The prosecution further testified via affidavit that she ensured the trial counsel received all pertinent documents relating to the case, and it was clear to her the trial counsel had familiarized himself with the content of those documents. The record contains no evidence about how many hours outside of the courtroom trial counsel spent preparing for trial. Appellant has failed to show what any further investigation by defense counsel would have revealed. Defense counsel, in fact, vigorously presented the only defense available to appellant in light of his admission to having sex with the complainant, i.e., consent. Defense counsel furthered appellant's consent defense by developing a possible motive for Jane to fabricate the assault— her desire for appellant to help her obtain papers to remain in the United States.

Furthermore, appellant's motion for new trial and appellate brief do not state how further investigation or interviews could have changed the result of the case.

10

We overrule appellant's first claim of ineffective assistance.

## B. Failure to Prepare Appellant to Testify

Appellant's second claim of ineffective assistance of counsel is that trial counsel failed to prepare appellant to testify. Without a showing of prejudice, we cannot conclude that trial counsel's preparation of the witnesses constituted ineffective assistance of counsel. *Radcliff v. State*, 01-02-00419-CR, 2004 WL 584688, at *3 (Tex. App.—Houston [1st Dist.] Mar. 25, 2004, no pet.). Specifically, appellant contends that trial counsel should not have let him deny responsibility for his prior convictions or answer "yes" when asked whether he would like to stay out of trouble. However, the record does not indicate that with proper preparation appellant would have answered these questions differently. Indeed, if appellant believed his testimony to be true, he could not have testified differently.

The record shows that trial counsel informed appellant of his rights and warned appellant criminal history would be relevant. Appellant's testimony, though risky, was the only means by which to advance his defensive theory of consent, because no other witnesses were available to testify about the purported dating relationship between appellant and the complainant.

Because appellant provided no evidence that additional meetings with trial counsel regarding his testimony would have made a difference in the case or would

11

have produced different answers at trial, we overrule appellant's second claim of ineffective assistance.

### C. Failure to Meet with Appellant

In his third claim of ineffective assistance, appellant argues that trial counsel was deficient for failing to meet with him outside of the courtroom. Appellant's trial counsel admitted that he had not met with appellant while he was confined in jail. Trial counsel further stated that he did not meet with appellant outside of the courtroom while he was out on bond; appellant told the trial counsel he would be hiring another attorney, but did not do so.[2] Appellant contends that even if the trial counsel believed appellant would be hiring another attorney, it does not excuse the trial attorney for failing to meet with appellant prior to this. Appellant opines that "perhaps if trial counsel had met with appellant, he would have provided names of possible witnesses." This is discounting the multiple meetings that took place in the courtroom between trial counsel and appellant where appellant could have provided trial counsel with any information that might be helpful in this case, but did not do so. Defense counsel testified by affidavit that he asked appellant for names of witnesses who could verify his alleged relationship with the complainant, but appellant provided none. And, regarding defense counsel's failure to call

---

[2]    Appellant stated that he did meet with defense counsel once at his office.

witnesses at punishment, appellant told his defense counsel that "he did not want [the witnesses] there."

As such, appellant provides no evidence that the meetings appellant had with counsel were insufficient or that additional meetings between appellant and trial counsel would have made a difference in the case. *See Perrett v. State*, 871 S.W.2d 838, 841 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (finding appellant failed to show how jail consultations, as opposed to court consultations, would have impacted the outcome of the case).

We overrule appellant's third claim of ineffective assistance.

### D. Failure to Listen to Complainant's Audio Statement

In his fourth claim of ineffective assistance, appellant argues that trial counsel was deficient for not listening to Jane's audio statement. In his affidavit, defense counsel states that he did not listen to the complainant's audio statement, and he did not "know why I didn't." Defense counsel also stated that listening to the statement before trial would not have changed his only defense because appellant admitted having sex with the complainant, and consent was his defense. He further testified by affidavit that he knew the substance of the complainant's statement through the offense report.

Criminal defense counsel has a responsibility to seek out and interview potential witnesses and the failure to do so is to be ineffective where the result is

13

that any viable defense available to the accused is not advanced. *Ex Parte Ybarra*, 629 S.W.2d 943, 946 (Tex. Crim. App. [Panel Op.] 1982). An attorney's failure to investigate or present witnesses will be a basis for establishing ineffective assistance of counsel only where it is affirmatively shown that the presentation of that evidence would have benefitted appellant. *See Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986).

Counsel for the State testified via affidavit that the trial counsel was able to discuss the case and facts of the case in detail as it seemed he had an understanding "of the underlying facts of the case, as well as the details of the [c]omplainant's statement, information in the police report and DNA lab report." It was clear to the prosecutor that trial counsel had reviewed the State's file, including all of the witness statements and reports, although trial counsel admitted that he did not listen to the taped witness statements. The record does not support appellant's claim that counsel provided ineffective assistance of counsel based on not listening to the victim's audio statement. Defense counsel took steps to become familiar with the facts through reviewing the State's file and reading the witness statements. *See Barraza v. State*, 08-00-00042-CR, 2001 WL 1100401, at *3 (Tex. App.—El Paso Sept. 20, 2001, no pet.).

14

Further, Appellant makes no effort to explain what viable defense was not advanced as the result of counsel's preparation, nor does he address how he would have benefitted had counsel listened to the audiotape.

We overrule appellant's fifth claim of ineffective assistance.

### E. Failure to Subpoena Witnesses on Appellant's Behalf

In his sixth claim of ineffective assistance, appellant argues that trial counsel failed to call witnesses on his behalf. "Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *cf. Perez v. State*, 403 S.W.3d 246, 251–52 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 310 S.W.3d 890 (Tex. Crim. App. 2010) (finding counsel deficient for failing to interview two alibi witnesses that appellant asked him to contact when record showed those witnesses provided personal affidavits as to how they would have testified).

Regarding the failure to call witnesses at guilt/innocence, defense counsel stated that he asked appellant for a list of witnesses who could verify appellant's claim of a romantic relationship with the complainant, and appellant provided no names. Defense counsel cannot be deficient for failing to call witnesses that were never identified by appellant. "Because appellant did not describe the witnesses with reasonable particularity, it was not ineffective assistance for trial counsel not

15

to seek them out to investigate them." *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

Regarding defense counsel's failure to call witnesses at punishment, it should be noted that appellant's family members, who he asserted could have testified about "my life, how I really am, that they don't believe I would do something like that[,]" were not available at the punishment hearing, although they had been present at trial. The prosecutor testified that appellant's wife seemed upset by appellant's trial testimony, and did not return for punishment. And finally, appellant told defense counsel that his family was not at punishment because "he did not want them there." Although defense counsel stated that he could have called family members to "humanize the defendant to the jury" at punishment, he is not ineffective for failing to call witnesses that appellant did not want to be there.

We overrule appellant's sixth claim of ineffective assistance. Having overruled all of appellant's claims of ineffective assistance of counsel, we overrule points of error one and two.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

17